IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

46773 SILVER FIR STREET, PARKER, COLORADO,

    Defendant.

_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Wayne Campbell, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Actions G(2), states:

JURISDICTION AND VENUE

1. The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881 and 18 U.S.C. § 985, seeking forfeiture of defendant property based upon violations of 21 U.S.C. § 801 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper under 21 U.S.C. § 881(j) and 28 U.S.C. § 1395 as the defendant property is located, and most of the acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

3. Defendant property is more fully described, titled and encumbered as follows:

    a. 46773 Silver Fir Street, Parker, Colorado 80138, more particularly described as:

> Lot 60, Sky Rim (Amendment No. 2), recorded April 6, 2001, In Book 11 at Page 89, Reception No. 402228, County of Elbert, State of Colorado (hereinafter defendant Silver Fir).

Defendant Silver Fir is titled in the name of Kyle Abt and is believed encumbered with a Deed of Trust in the principal amount of $417,000.00 for the benefit of U.S. Bank National Association.

## FACTUAL BASIS FOR FORFEITURE

Except as otherwise noted, all of the following facts and information have been discovered through the observations and investigations of fellow law enforcement officers as reported to me.

4. The South Metro Drug Task force began an investigation into a sophisticated marijuana distribution network (Travelers Hill) that was based in the Denver, Colorado area. Information was provided to investigators from the Topsfield Massachusetts Police Department and the United States Postal Inspection Service that multiple packages of marijuana was being sent from Centennial, Colorado to an individual named Uchinek in Massachusetts on a weekly and bi-weekly basis. The investigation also revealed that Uchinek was sending packages containing United States currency to Centennial, Colorado on a weekly basis.

5. On or about July 7, 2010, undercover officers delivered a package containing marijuana to Uchinek. In the interview with officers, Uchinek said he was dealing with an individual in Colorado that he met on an internet website. Officers identified this individual as Michael Smit.

6. Based on this information, two search warrants were executed at residences of Smit. Smit admitted to officers that he and others were being used as package runners and were responsible for finding customers to purchase large quantities of marijuana on a regular basis. After establishing the relationship with the customers, Smit and other runners would then be sent large quantities of United States currency from the customer through the United States Postal Service mail. Once the runner received the money, they would in turn go to the supplier, Jeremy Crawford and obtain the marijuana. Smit told officers that the runners were paid $500 to $700 per pound for their work, and would receive an additional $200 from Crawford to ship the marijuana package from Colorado to its final destination. According to Michael Smit, once Crawford received the money from the runners, he used multiple individuals to fill the marijuana orders, including an individual named Kyle Abt.

7. The majority of the drug shipments sent through this distribution network have been done using the United States Postal Service mail system. Some of the drug shipments were transported across states lines in load vehicles. Based on interviews of participants and a review of United States Postal Service records, the investigation has linked the distribution network to at least seven states outside of Colorado.

8. In March, 2011, a Confidential Informant (CI) provided additional information regarding this drug distribution network and identified Kyle Abt as a significant player in the Travelers Hill marijuana distribution organization. According to the CI, Abt is responsible for large scale sourcing of marijuana and distribution throughout Colorado and ultimately to the states supplied by Crawford. The CI stated that Abt was providing Crawford with one pound deals of finished marijuana for $3,400 per pound and that Crawford had made approximately twenty purchases of marijuana from Abt.

9. The CI indicated to officers that he/she was present with both Crawford and Abt on approximately seven occasions and that during those meetings Abt openly talked about having marijuana grow at his residence. According to the CI, Abt lived east of C470 and Smoky Hill Road in the Parker, Colorado area. In addition, the CI indicated that Crawford purchased a property in June of 2011 and was starting his own marijuana grow at the residence, and that Abt had provided Crawford twenty-six marijuana plants in various stages of growth.

10. On August 10, 2011, a Colorado state search warrant was executed at Jeremy Crawford's residence located at 34291 Wagon Wheel Trail, Elizabeth, Colorado. Officers found a marijuana grow operation and seized 20 marijuana plants and related grow equipment. Officers interviewed Crawford and he admitted that he bought marijuana from Kyle Abt and that he paid Abt $3,000 per pound for the marijuana. Crawford admitted that he used "runners" to mail packages of marijuana and that he mostly sold to a guy in "DC," but he also sold to "Drew" in Massachusetts. Crawford

told officers that he found buyers on an internet site. When asked about the grow operation in his residence, Crawford said he had just started growing marijuana. Crawford also admitted that he did not sell any marijuana locally.

11. Information confirmed that Abt had purchased defendant Silver Fir on July 24, 2009. Records obtained from Intermountain Rural Electric Company (IREA) reflected that Abt's electric bill for September 2009 was $92.43. The records revealed that during the period January 2010 through May 2011 the monthly utility bill had jumped to $1,253.84, with the highest monthly bill being $1,843.65, making Abt's average utility bill $1,577.62 between January 2010 and May 2011. IREA records revealed that the average kilowatt usage for the same period was 13186.35 kwh. A comparable analysis revealed that the average monthly bill and kilowatt usage for a similar residence on the same block as defendant Silver Fir was eight times lower than the bills and usage at defendant Silver Fir.

12. Based on the foregoing a Colorado State Search Warrant was issued and executed on August 10, 2011 at defendant Silver Fir. Officers found a highly sophisticated indoor marijuana growing operation in defendant Silver Fir and seized approximately 203 marijuana plants along with harvested marijuana in the process of drying.

13. Kyle Abt told officers that he was the owner of defendant Silver Fir, that the marijuana grow located throughout the residence belonged to him, and that no one else lived at the house. Kyle Abt admitted that he moved to Colorado from Maryland in May of 2009 with the intended purpose to start a marijuana grow. Abt also indicated

that it had taken him about 6 months to get defendant Silver Fir set-up for his grow operation, and that it had taken him over a year to get his marijuana grow the way it was the day officers executed the search warrant.  Abt also said he had purchased defendant Silver Fir for the purpose of growing marijuana.  Abt admitted the grow in defendant Silver Fir produced about three to four pounds of marijuana per month, which he was able to sell for $2,500 to $3,000 per pound.  Kyle Abt told officers that he began selling pound quantities of his marijuana unlawfully to a few of the medical marijuana dispensaries in the Denver area, but he also sold to a few individuals he had approached in local bars.  According to Abt, he met Jeremy Crawford on a website that is dedicated to marijuana users.  Abt said that in the last three months (May-August 2011), he had sold Crawford approximately 10 pounds of marijuana for $3,000 per pound.  Abt also admitted that he had provided live plants for Crawford's own cultivation operation.  Abt admitted that all of his marijuana sales and grow operation were unlawful and not related to medical marijuana.

14. State criminal charges against Kyle Abt for illegal distributing marijuana are pending at this time.

## CONCLUSION

15. Kyle Abt was a significant player in the Travelers Hill illegal marijuana distribution organization.  Kyle Abt purchased defendant Silver Fir for the purpose of illegally growing marijuana in the residence, had supplied Jeremy Crawford on multiple occasions with pound quantities of marijuana he had grown at defendant Silver Fir, and admitted that his marijuana grow operation was illegal.

### VERIFICATION OF MICHAEL T. NIX
### UNITED STATES POSTAL INSPECTION SERVICE INSPECTOR

I, Postal Inspector Michael T. Nix, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

                                        s/ *Michael T. Nix*
                                        Michael T. Nix, Postal Inspector

STATE OF COLORADO     )
CITY AND                     ) ss.
COUNTY OF DENVER      )

The foregoing VERIFIED COMPLAINT FOR FORFEITURE *IN REM* was sworn to and subscribed before me this 6th day of June, 2012 by Michael T. Nix, Postal Inspector.

                                        s/ *Pamela S. Jebens*
                                        Pamela S. Jebens
                                        Notary Public, State of Colorado

My Commission Expires: 3-19-2016

### FIRST CLAIM FOR RELIEF

16.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

17.     By the foregoing and other acts, Defendant 46773 Silver Fir Street is real property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of violations of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property described herein in favor of the United States, and that the United States be authorized to dispose of the defendant property in accordance with law.

DATED this 6th day of June, 2012.

    Respectfully submitted,

    JOHN F. WALSH
    United States Attorney

By: s/ *Wayne Campbell*
    Wayne Campbell
    Assistant United States Attorney
    1225 Seventeenth Street, Ste. 700
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    E-mail: wayne.campbell@usdoj.gov
    *Attorney for Plaintiff*